IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Keith Edwards,                          :

        Plaintiff            :        Civil Action 2:05-cv-00657

v.                                      :        Judge Smith

Warner-Lambert Co., *et al.*,           :        Magistrate Judge Abel

        Defendants           :

# ORDER

Plaintiff Keith Edwards, a State prisoner, brings this action alleging negligence of the medical staff at the Corrections Medical Center and fraudulent promotion of Neurontin by defendants Warner-Lambert Co., Parke-Davis, Co., and Pfizer, Inc. This matter is before the Magistrate Judge on defendants' unopposed December 13, 2011 motions for an extension of deadlines and to compel (doc. 29).

Defendants' motion for an extension of the case schedule is GRANTED. Counsel for defendants and plaintiff are DIRECTED to submit a proposed scheduling order to the Magistrate Judge within fourteen (14) days of the date of this Order.

Defendants' motion to compel execution of the medical and general records authorization is GRANTED. Defendants report that plaintiff has refused to sign the authorizations until defendants provide complete responses to his discovery requests. This is not a proper basis for refusing to provide the authorizations. If plaintiff believes

1

that defendants' discovery responses are incomplete, plaintiff should file a motion to compel setting forth his discovery requests and defendants' responses and identify with specificity the deficiencies of those responses.

Plaintiff is ORDERED to provide the requested authorizations within fourteen (14) days of the date of this Order. Failure to comply with this Order may result in sanctions. Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Here, none of the exceptions apply. Defendant attempted to resolve the matter with plaintiff, and plaintiff's rationale for refusing to provide the authorizations is without merit. Plaintiff failed to respond to defendants' motion to compel and provided no explanation as to whether his nondisclosure was justified or that other circumstances made an award of circumstances unjust. As a result, defendants are entitled to receive its reasonable expenses, including attorney fees, incurred in preparing the motion to compel. Defendants' request for its reasonable expenses, including attorney fees, incurred in making their motion is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge